**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**


UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              Case No. 2:21-CR-00077-01 JM

PAMELA COOPER                                               DEFENDANT

## <u>ORDER</u>

A hearing was held August 31, 2021, on Defendant's Motion to modify the conditions of her pretrial release, or in the alternative, to reconsider its denial of her Motion to Travel. For no other reason than Defendant's assertion that the Court made no inquiry into the necessariness of conditions, the Court requested the United States put on proof as to the substantiality of the case against Defendant.

On July 6, 2021, a federal grand jury indicted Defendant, Pamela Cooper, of embezzling approximately $314,000 from her employer, Premier Bank of Arkansas, between on or about January 2019 and December 15, 2020, by removing cash from the vault and concealing it by falsifying bank documents. The Defendant was indicted with one count of embezzlement of bank funds, in violation of 18 U.S.C. § 656. (DE #1). Defendant was arraigned on Thursday, July 15, 2021. At Defendant's arraignment, the United States did not seek detention, and the parties entered into an agreement to release Defendant subject to standard conditions that included a condition prohibiting the Defendant from leaving the Eastern District of Arkansas without permission. The Court accepted the parties' pretrial release agreement with a few modifications.  The Court removed conditions requiring Defendant to submit to drug testing, as well as conditions requiring Defendant to participate in in-patient or out-patient substance use therapy. When Defendant further

1

voiced a desire to visit her sick niece, the Court gave the Defendant open approval to visit her niece if she notified Probation first. Defendant made no further objections to the conditions of release.

Four days later, on July 19, 2021, Defendant filed her first Motion to Modify Conditions of Release, (DE #9) requesting to travel to Arlington, Tennessee to visit her son and care for her grandchildren, as well as travel to Southaven and Horn Lake, Mississippi to visit her sisters. On July 23, 2021, the Court granted her request in part, permitting Defendant to travel to visit family in Tennessee and Mississippi for a week and ordering further requests to travel out of the district to be submitted to the Court. (DE #12). Less than a month later, Defendant filed her second Motion to Modify Conditions of Release permitting her to travel to Tennessee on August 21, 2021, to celebrate the birthdays of her granddaughters, and permission to travel to Destin, Florida from September 2-7, 2021, with her family with all expenses being paid for by her sons. (DE #15).  By text-entry Order, the Court granted Defendant's request to travel to Tennessee to celebrate her granddaughters' birthdays, but denied Defendant's request to travel to Destin, Florida. (DE #17).

Subsequently, Defendant filed the instant Motion to Modify and Reconsider, alleging that the Court's denial of Defendant's request to travel is punitive, and that the Court's imposition of pretrial release conditions runs afoul of the Bail Reform Act of 1984, specifically 18 U.S.C.S. § 3142. In support, Defendant contends that "there was no inquiry nor evidence that imposition of additional conditions was necessary" (DE #20), and that the pretrial services report and Defendant's appearance at her arraignment is sufficient proof that no additional conditions should apply to Defendant's release. Defendant further contends that the Court's imposition of additional conditions violates the law "unless and until the Court determines that release on personal recognizance [18 U.S.C.S. § 3142(b)] is insufficient." (DE #20). In the alternative, Defendant

would like to have what she asked for in the first place, permission to travel to Destin, Florida from September 2-7, 2021.

The Court is inclined to first address the procedural posture of Defendant's case. At Defendant's arraignment, the United States did not request detention and therefore did not put on proof in support of detention. Instead, the parties *agreed* to conditions of release that would reasonably assure the safety of the community and the Defendant's presence at future proceedings. The Court weighed the pretrial services report, the nature of Defendant's charge, and the United States' willingness to release Defendant, and ordered Defendant's release with conditions. "The judicial officer is not given unbridled discretion in making the detention determination. United States Congress has specified the considerations relevant to that decision. These factors include the nature and seriousness of the charges, the substantiality of the government's evidence against the arrestee, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by the suspect's release. 18 U.S.C.S. § 3142(g)." *United States v. Salerno*, 481 U.S. 739 (1987). The Court is not required to provide written findings of fact and conclusions of law unless the Defendant is detained. "If the judicial officer finds that no conditions of pretrial release can reasonably assure the safety of other persons and the community, he must state his findings of fact in writing, 18 U.S.C.S. § 3142(i), and support his conclusion with 'clear and convincing evidence,' 18 U.S.C.S. § 3142(f)." *Id.* at * 742.

The Bail Reform Act favors release over pretrial detention. 18 U.S.C.S. § 3142 (a) provides four alternatives from which the judicial officer must choose:

(1) release on personal recognizance or unsecured appearance bond;

(2) release subject to certain conditions;

(3) temporary detention to permit revocation of conditional release, or exclusion; or

(4) pretrial detention

If liberty is the norm, and the Bail Reform Act mandates that an accused be released on the "least restrictive" conditions, then a determination as to what conditions are to be imposed should be meted out in such a way as to satisfy the government's legitimate objectives of protecting the public without trampling upon the protected liberties of the accused. The Court has discretion to implement the appropriate conditions of release based upon circumstances before it. *See Stack v. Boyle*, 342 U.S. 1 (1951).  Bail conditions are unconstitutionally excessive if they impose restraints that are more than necessary to achieve the government's interests:  preventing risk of flight and danger to society.

If the Court determines release upon personal recognizance or an unsecured appearance bond will not reasonably assure appearance or will endanger the safety of others, it must next consider whether release on conditions will.  *See* 18 U.S.C. § 3142(c). The Court provided Defendant a court-appointed attorney, so an unsecured bond was not a reasonable option. Further, Ms. Cooper is charged with embezzlement, in violation of 18 U.S.C. § 656, of $314,000 over the course of two years punishable by significant jail time if convicted.  Personal recognizance would not reasonably assure this Court of either her appearance or the safety of society.

Defendant contends that her conditions of release should be lifted based almost entirely on her pretrial services report. "The pretrial services report indicates the Defendant has no criminal history, no known factors indicating she poses a risk of nonappearance, poses a risk of danger exclusively because of the nature of the offense for which she is *charged* (not convicted), and is a PTRA risk category I." (DE # 20). While weight is given to Defendant's spotless criminal history,

4

the Court is also tasked with weighing the nature and severity of charges, the substantiality of the case against her, and the nature and seriousness of the danger posed by her release. *Salerno*, 481 U.S. at 743. The Supreme Court has previously held that "[t]he grand jury's un-reviewed finding may play a significant role in determining a defendant's eligibility for release before trial under the Bail Reform Act of 1984, 18 U.S.C.S. § 3141 et seq." *Kaley v. United States*, 571 U.S. 320 (2014). Relying on judicial instruction that an indictment returned by a proper grand jury conclusively determines the existence of probable cause. *Id.* The Court has a profound respect for the law and is fully aware that Defendant is entitled to a presumption of innocence. The Supreme Court has held that the presumption of innocence plays no role in a trial court's determination of what conditions, if any, will permit a defendant's pretrial release. *Bell v. Wolfish*, 441 U.S. 520 (1979); *see also United States v. Scott* (holding "In *Wolfish*, the Supreme Court concluded that the presumption of innocence is a doctrine that allocates the burden of proof in criminal trials. . . [b]ut it has no application to a determination of rights of a pretrial detainee during confinement before his trial has even begun." 441 U.S. at 533.  The bottom line is that "[i]ndividuals on pretrial release may be treated differently than ordinary citizens without violating the presumption of innocence."). 450 F.3d 863, 883 (9th Cir. 2006).

When a person is arrested, his constitutional rights are naturally abridged; the arrest is followed by a judicial determination as to the extent to which his rights may be abridged. While Defendant enjoys the presumption of innocence as a trial right, she does not enjoy the same presumption with respect to ordinary civil rights of citizens, such as freedom of movement. *See* U.S. Const. Amend. VIII. In fact, the Supreme Court has held that a pretrial releasee is considered in some ways to be in custody. *See Hensley v. Mun*. Ct., 411 U.S. 345, 349 (1973) (noting that "a substantial number of courts, perhaps a majority, have concluded that a person released on bail or

on his own recognizance may be 'in custody'" and this line of cases "reflects the sounder view"). A pretrial releasee is saddled with greater burdens and is "scarcely at liberty[.]" *Albright v. Oliver*, 510 U.S. 266, 279 (1994) (Ginsburg, J., concurring).  For instance, unlike the ordinary citizen, a pretrial releasee must appear in court at the Court's command and "seek formal permission from the court... before exercising what would otherwise be his unquestioned right to travel outside the jurisdiction." *Id.* at 278.

Defendant is charged with a crime for which she faces up to a twenty-year (20) prison sentence and restitution to the bank in an amount greater than $300,000. The grand jury found that probable cause exists that Defendant committed the underlying crime, and the Court has the discretion to place significant weight on those un-reviewed findings, and release Defendant with conditions or a combination of conditions, notwithstanding Defendant's lack of prior criminal history. Thus, the Court finds that the conditions are lawful, reasonable, and within the discretion of the Court, and **DENIES** Defendant's Motion to Modify Conditions. All of Defendant's pretrial conditions will remain in effect.

The Court takes exception to Defendant's allegation that the Court's denial of her Motion to Travel was punitive. From the outset, the Court has been more than accommodating to Defendant's requests with respect to traveling. The Court granted Defendant *carte blanche* ability to visit with her sick niece. The Court granted Defendant's first Motion to travel to Tennessee and Mississippi to visit her children and visit her sisters. (DE #12). The Court granted, in part, Defendant's second request to travel to Tennessee to celebrate her granddaughters' birthday. Defendant made no issue of her pretrial conditions until she experienced her first tangible restriction on her ability to travel and now accuses the Court of punishing her for a crime which she stands charged but not convicted. The court is not required to agree with and approve every

request Defendant makes.  Again, the Court makes a determination of conditions of release and has the discretion to modify those conditions, based on several factors. Nevertheless, the Court has reconsidered Defendant's request to travel, and **GRANTS** her permission to travel to Destin, Florida on September 2-7, 2021. However, Defendant is on notice that all other conditions of release remain in effect, and all future requests to travel must be submitted to the Court for approval. Defendant must realize that her post-indictment liberty interests are different than ordinary citizens in that she is now subject to a diminished expectation of privacy.

**SO ORDERED** THIS 1st day of September, 2021.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE